UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**GERALD GIBBINS**                                                          **PETITIONER**

v.                                                     **CIVIL ACTION NO. 3:21-CV-407-BJB**

**AMY ROBEY, WARDEN**                                        **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Gerald Gibbins, a state prisoner incarcerated at the Luther Luckett Correctional Complex, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is before the Court on preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)). For the following reasons, the Court dismisses the petition on preliminary review.

**I.**

Petitioner was convicted in Whitley Circuit Court in 1994 for murder and first-degree robbery. DN 1 at 1. He states that he was sentenced to 30 years for murder and 20 years for robbery. *Id*. at 7. Attachments to his petition show that prison officials and the state court consider him to have been sentenced to 50 years. DN 1-2 at 1, 26. He asserts that his continued detention is "unlawful" because he has completed his sentence. He challenges the failure of the Kentucky Department of Corrections (KDOC) "to accurately calculate my sentencing and the time I have served, with Statutory Goodtime and Meritorious GT." DN 1 at 3. He requests this Court to order KDOC to "make an accurate calculation of the sentence and expiration dates, apply the Statutory good time I am entitled to, [] apply the correct laws that apply to my sentences, and to have me released accordingly from any unlawfully applied detention[.]"

The petition makes only one reference to federal law: Petitioner asserts that his allegedly unlawful detention violates the Eighth Amendment to the U.S. Constitution. *Id*. at 7. The memorandum in support of his petition (DN 1-1) does not mention the Eighth Amendment or other federal law. It identifies the following sections of the Kentucky Revised Statutes as the controlling law in this case: Ky. Rev. Stat. §§ 439.3401, 532.060, and 532.110(1)(c). Petitioner argues that KDOC officials incorrectly used a different state statute, Ky. Rev. Stat. § 532.120, to calculate his sentence. Attachments to the petition show that Petitioner also disagrees with KDOC officials regarding how good time credits were credited to him under state law.

## II.

Federal habeas relief can be granted only if Petitioner demonstrates that he is confined "in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3); § 2254(a)(1). Here, except for one reference to the Eighth Amendment in his petition, Petitioner focuses only on why he believes that the Commonwealth of Kentucky has incorrectly calculated his sentence under Kentucky law.

"A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (§ 2254 case). Significantly, federal habeas corpus relief is not available for alleged violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "[A] state court's interpretation of state law is binding on a federal habeas court." *Parker v. Palmer*, No. 17-2057, 2018 WL 1014265, at *1 (6th Cir. Feb. 20, 2018) (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)).

Recently, in *Henson v. Hart*, the District Court for the Eastern District of Kentucky considered a case similar to this lawsuit, although brought pursuant to 28 U.S.C. § 2254 instead of § 2241.  No. 6:19-CV-247-HRW, 2020 WL 4577706 (E.D. Ky. June 12, 2020), *report and recommendation adopted*, No. CV 19-247-HRW, 2020 WL 4572912 (E.D. Ky. Aug. 7, 2020). In *Henson*, a Kentucky prisoner challenged the calculation of his sentence, contending that he had completed his sentence and should be released.  *Id*. at *1.  The Eastern District of Kentucky found that the petitioner in that case did not present a cognizable habeas claim because his claim was solely that his sentence was calculated in violation of state law, not that he was in custody in violation of the Constitution or federal law.  *Id*. at 2.

Another recent decision in the Western District examined a similar petition brought under § 2241.  *Carpenter v. Hart*, No. 5:20-CV-107-TBR-LLK, 2021 WL 2546739 (W.D. Ky. Mar. 31, 2021), *report and recommendation adopted*, No. 5:20-CV-00107-TBR, 2021 WL 2546720 (W.D. Ky. June 21, 2021).  In *Carpenter*, like in *Henson*, the petitioner claimed that his sentence was miscalculated under Kentucky law.  This Court found that, even if Carpenter's claims based on state law were meritorious, he had not alleged a constitutional violation because alleged misinterpretation or misapplication of state sentencing law "is a matter of state concern only." *Id*. at *3 (internal quotation marks and citation omitted).

Here, Petitioner has not stated a cognizable habeas claim because the substance of his claim is that his sentence has been incorrectly calculated under state law.  Petitioner's single reference to the Eighth Amendment is not sufficient to bring this case within the purview of the Constitution.  *See, e.g.*, *Rayner v. Lee*, No. 3:18-CV-01103, 2020 WL 58610, at *5 (M.D. Tenn. Jan. 6, 2020) ("Despite nominal references to federal constitutional protections, a federal habeas petition that challenges sentencing determinations under state sentencing laws or guidelines is a

3

matter of state concern only and not a cognizable basis for federal review."). This Court finds that the petition must be denied.

### III. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this Court's decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Because jurists of reason could not find this ruling debatable or wrong, a COA is not warranted.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:

cc: Petitioner, *pro se*
 Respondent
 Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
 Frankfort, KY 40601
B213.009

4